IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOEL ROBINSON,                         *

    Plaintiff,                     *

v.                                     *

                                   *   Civil No. 25-3397-BAH

MEL ET AL.,                            *

    Defendants.                    *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM AND ORDER**

Plaintiff Joel Robinson ("Plaintiff") filed the above-captioned complaint pro se, ECF 1, together with a motion for leave to proceed in forma pauperis, ECF 2, which shall be granted. For the reasons explained below, Plaintiff is instructed to file an amended complaint, *see infra* Section I, and correct certain deficiencies related to service of process, *see infra* Section II.

**I.   AMENDED COMPLAINT**

28 U.S.C. § 1915(e)(2)(B) requires this Court to conduct an initial screening of this complaint and dismiss any complaint that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020). The Court is mindful of its obligation to construe liberally a complaint filed by a self-represented litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district

court may not "conjure up questions never squarely presented"). Here, Plaintiff will be directed to file an amended complaint.

Plaintiff brings suit against "deli clerk[s]" Mel, Debbie, Robin, and Tabitha (collectively the "deli clerk defendants"), ECF 1, at 2–3, as well as "Giant Food,"[1] Darlene Miller, Datkwon Smith, Denise, Kathy, and Renee, *id.* at 4. Plaintiff alleges that the named defendants discriminated against Plaintiff in violation of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e-2, *see id.* at 5, and Plaintiff seeks $100,000 in damages "for mental and psychological abuse and for emotional distress and loss of income," *id.* at 6.

Specifically, Plaintiff alleges that between September 2023 and August 2024, the deli clerk defendants made fun of Plaintiff's speech impediment, called Plaintiff a derogatory term implying he was cognitively impaired, and questioned Plaintiff's "sexuality and gender identity." *Id.* at 7 ¶¶ 2–3. Plaintiff asserts that "Renee and Denise ignored" Plaintiff's "complaint" related to the deli clerk defendants' treatment of Plaintiff during that time period, and further alleges that Renee and Denise "retaliated against" Plaintiff. *Id.* at 7 ¶ 1. Plaintiff does not provide details regarding the nature of the purported complaint made to Renee and Denise, when they allegedly ignored it, or how they allegedly retaliated against Plaintiff. *See id.* Additionally, Plaintiff alleges that Denise would not let Plaintiff, "[t]he only gay black non-binary person," "use the bathroom," which Plaintiff contends was "not Giant policy." *Id.* at 7 ¶ 4. Plaintiff also claims that Tabitha accused Plaintiff of stealing from the deli without proof in October of 2023. *Id.* at 8 ¶ 5. Plaintiff next asserts that "Darlene Miller suspended" Plaintiff "without giving . . . a reason" and did not allow Plaintiff "to write down what happened . . . on August 8, 2024." *Id.* at 8 ¶ 6. Finally, Plaintiff

---

[1] Plaintiff presumably means Giant Food LLC, a corporation with a location at the address Plaintiff lists for each of the named deli clerk defendants. *See* ECF 1, at 2–4.

2

alleges that "Dat[k]w[o]n Smith was harass[ing]" Plaintiff and, after Plaintiff reported it to Plaintiff's "manager, Denise," Datkwon Smith retaliated by "lying . . . and writing a false report. August 1–8, 2024." *Id.* at 8 ¶ 7.

Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* at 561. Further, a pleading which sets forth a claim for relief (like a civil complaint) shall contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought.

Fed. R. Civ. P. 8(a). Each "allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Threadbare recitals of the elements of a cause of action, supported by mere statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp.,* 550 U.S. at 555).

Plaintiff here seeks to state a claim under Title VII. In relevant part, Title VII provides that it is "an unlawful employment practice for an employer" to (1) "discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin;" or (2) "to limit, segregate, or classify his employees . . . in any way which would

3

deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). There are a variety of claims Plaintiff may attempt to plead pursuant to Title VII's prohibition on discrimination. For example, "[a] claim for hostile work environment . . . is actionable under Title VII if the plaintiff shows that 'the offending conduct (1) was unwelcome, (2) was because of [a protected characteristic], (3) was sufficiently severe or pervasive to alter the conditions of [their] employment and create an abusive working environment, and (4) was imputable to [their] employer.'" *Young v. Giant Food Stores, LLC*, 108 F. Supp. 3d 301, 309 (D. Md. 2015) (alterations added) (quoting *Westmoreland v. Prince George's County*, 876 F. Supp. 2d 594, 614 (D. Md. 2012)). Plaintiff also may attempt to plead, for example, a Title VII retaliation claim. To make out such a claim, "a plaintiff must show that (1) [they] 'engaged in protected activity,' (2) the employer 'took adverse action against [them],' and (3) 'a causal relationship existed between the protected activity and the adverse employment activity.'" *Id.* at 314 (alterations added) (internal quotation marks omitted) (quoting *Westmoreland*, 876 F. Supp. 2d at 612).[2]

It is well-settled law that complaint allegations must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (internal quotation marks omitted). As currently presented, the specific acts Plaintiff complains of, and the context in which they may have occurred, are unclear. Plaintiff

---

[2] The Court observes that a Title VII plaintiff "must exhaust [their] claims with the [Equal Employment Opportunity Commission] by including [the claims] in charges filed with [that] agency." *Parker v. Reema Consulting Servs., Inc.*, 915 F.3d 297, 306 (4th Cir. 2019). However, "[b]ecause administrative exhaustion generally and compliance with the applicable timing requirement specifically are not jurisdictional prerequisites, but affirmative defenses," Plaintiff is "not required to plead them in the Complaint." *Shaukat v. Mid Atl. Pros., Inc.*, Civ. No. TDC-20-3210, 2021 WL 5743909, at *5 (D. Md. Nov. 30, 2021).

does not expressly allege that Giant Foods was Plaintiff's employer, nor does Plaintiff identify the location of the store at which the alleged conduct took place. Moreover, Plaintiff does not explain what kind of "retaliation" Renee engaged in, *see* ECF 10, at 7 ¶ 1, or how the suspension received from Darlene Miller is connected to any of Plaintiff's protected characteristics or the treatment Plaintiff allegedly experienced in the course of Plaintiff's employment, *see id.* at 8 ¶ 6.

As complaints drafted by self-represented plaintiffs are held to a less stringent standard than those drafted by attorneys, a plaintiff who submits an inartfully pled complaint that includes a potentially cognizable claim should have the opportunity to particularize the complaint to define the issues and to name proper defendants. *See Johnson v. Silvers*, 742 F.2d 823, 825 (4th Cir. 1984). Plaintiff shall be afforded the opportunity to amend the complaint to provide brief, concise, and clear factual allegations in compliance with Fed. R. Civ. P. 8(a).

Plaintiff is reminded that, if filed, the amended complaint will replace the current complaint. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (citing *In re Crysen/Montenay Energy Co.*, 226 F.3d 160, 162 (2d Cir. 2000)) (noting exception for purposes of appellate review of claims dismissed in original complaint that were not included in amended complaint). Accordingly, Plaintiff must include all allegations against each of the defendants Plaintiff names so that the amended complaint stands alone as the sole complaint in this case. Lastly, Plaintiff is warned that failure to file an amended complaint consistent with this order may result in the dismissal of the case. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.   SERVICE OF PROCESS

Plaintiff submitted summonses for service on each defendant attached to Plaintiff's initial complaint. However, the proposed summonses are deficient because (1) the address for the corporate defendant is not the registered agent designated for service and (2) Plaintiff did not provide U.S. Marshal forms for service on each defendant.

### A. Service on a Corporation

One of the named defendants—"Giant Food"—is a corporation. *See* ECF 1, at 4; *supra* note 1. Service of process on corporations and associations may be made pursuant to Fed. R. Civ. P. 4(h). The summons and complaint are generally served on the resident agent, president, secretary, or treasurer. *See* Md. Rule 2-124(d). Plaintiff may contact the office of the State Department of Assessments and Taxation at (410) 767-1330 or visit the website at https://egov.maryland.gov/BusinessExpress/EntitySearch to obtain the name and service address for the resident agent of a corporate defendant. The address listed for the resident agent of Giant Food LLC is CSC-Lawyers Incorporating Service Company, 7 St. Paul Street, Suite 820, Baltimore, MD 21202.

### B. U.S. Marshal Form 285

In light of Plaintiff's indigency status, the United States Marshal shall effect service of process on the defendants if an amended complaint is filed pursuant to this order. *See* Fed. R. Civ. P. 4(c)(3). However, it does not appear that Plaintiff furnished a U.S. Marshal service of process form for each named defendant in this case as attachments to its original complaint. Plaintiff must cure this problem if Plaintiff files an amended complaint so that service may be issued. The Clerk shall be directed to mail a copy of the Marshal form for each defendant to Plaintiff, who must complete and attach the forms to the amended complaint.

For these reasons, it is this 22nd day of October, 2025, by the United States District Court for the District of Maryland, ORDERED that:

(1) Plaintiff's motion for leave to proceed in forma pauperis, ECF 2, is GRANTED;

(2) Plaintiff IS GRANTED twenty-one (21) days from the date of this order to file an amended complaint as directed above;

6

(3) The Clerk SHALL SEND a copy of this order, together with 10 copies of the U.S. Marshal forms and a copy of the original complaint to Plaintiff;

(4) Plaintiff IS FOREWARNED that:

    a. The amended complaint must meet the directions of this order, or the amended complaint will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B); and

    b. If the amended complaint is not timely filed, this case will be dismissed for failure to comply with this order without further notice.

Dated: October 22, 2025

/s/
Brendan A. Hurson
United States District Judge