IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| JOEL ROBINSON, | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | Civil No. 25-3397-BAH |
| MEL ET AL., | | |
| | * | |
| Defendants. | * | |
| | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM OPINION

Plaintiff Joel Robinson ("Plaintiff") brought suit against "Giant Food," "deli clerk[s]" Mel, Debbie, Robin, and Tabitha (collectively the "deli clerk defendants"), as well as Darlene Miller, Daykwan Smith,[1] Denise, Kathy, and Renee.  ECF 7 (amended complaint).[2]  Plaintiff alleges that the named defendants discriminated against Plaintiff in violation of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e-2, *see id.* at 5, and Plaintiff seeks $100,000 in damages "for mental and psychological abuse and for emotional distress and loss of income," *id.* at 6.  Pending before the Court is defendant Giant of Maryland, LLC's ("Giant's") motion to dismiss.[3]  ECF 12. Plaintiff filed an opposition, ECF 16, and Giant filed a reply, ECF 17.  Giant's filings include

---

[1] The parties refer to this defendant using various spellings including "Datkwon" Smith, *see* ECF 1, at 4; "Daykwan" Smith, *see* ECF 7, at 1, and "Dayman" Smith, *see* ECF 12-1, at 3.  Given that the amended complaint clearly spells this defendant's first name as "Daykwan," *see* ECF 7, at 1, the Court will refer to this defendant as Daykwan Smith here.

[2] The original complaint is docketed at ECF 1.

[3] Giant of Maryland, LLC was incorrectly sued as "Giant Food," so the Court will direct the Clerk to amend Giant's name on the docket.

memoranda of law, and its reply includes an exhibit.[4] The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). Accordingly, for the reasons stated below, Giant's Motion is **GRANTED**.

## I.    BACKGROUND

This case arises from Plaintiff's mistreatment by colleagues at Giant. Plaintiff alleges that from September 2023 to August 2024, the deli clerk defendants "made fun of [Plaintiff's] speech disability by mimicking [their] voice," "repeatedly saying speak English I cannot understand you," and by calling them "retard[ed]." ECF 7, at 7. During that same time period, Plaintiff alleges that the deli clerk defendants questioned Plaintiff's non-binary gender identity and "criticize[d] [Plaintiff's] life of being gay." *Id.* For example, the deli clerk defendants said "there are only two gender[s,] male and female," and said that Plaintiff "could not have kids of [their] own." *Id.*

Plaintiff also alleges that Tabitha accused Plaintiff of "stealing a deli sandwich," for which he was confronted by the store manager, Renee, and a security guard." *Id.* at 7–8. Plaintiff further claims that Denise, the deli manager, would not let them "use the bathroom when [they] needed to go" and "timed and monitor[ed] their lunch break." *Id.* at 8. Plaintiff seemingly attributes Denise's conduct to Plaintiff being the "only gay black non-binary person." *Id.*

Plaintiff next alleges that Renee and Denise "[i]gnored" Plaintiff's complaints of harassment, which included a grievance letter Plaintiff wrote to Renee on February 7, 2024, and multiple reports to Denise in person and through text messages. *Id.* Finally, Plaintiff alleges that in August of 2024, Plaintiff "was reporting" Daykwan Smith for not following Giant's policies. *Id.* at 9. On August 8, 2024, Plaintiff told Smith to put away a block of cheese "because it is Giant policy to not leave out cold food for over 15-20 minute[s]." *Id.* Plaintiff then took a lunch break,

---

[4] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

2

and upon their return, "was infor[med] by Darlene Miller," the perishables manager, that Plaintiff "was suspended without giving [them] a reason why . . . ." *Id.*

Plaintiff filed the initial complaint on October 14, 2025. ECF 1. The Court then screened the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and concluded that Plaintiff failed to state a cognizable Title VII claim. ECF 4, at 5. Plaintiff was directed to file an amended complaint, *id.*, and did so on November 12, 2025, ECF 7. Giant filed its motion to dismiss on December 30, 2025, ECF 12, which is now fully briefed and ripe for disposition. The remaining Defendants, Denise, Kathy, Mel, Renee, Robin, Tabitha, Debbie, Darlene Miller, and Daykwan Smith,[5] have not been served. ECF 15; ECF 22.

## II.    **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) governs dismissals for failure to "state a claim upon which relief can be granted." In considering a motion under this rule, courts discount legal conclusions stated in the complaint and "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court then draws all reasonable inferences in favor of the plaintiff and considers whether the complaint states a plausible claim for relief on its face. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"The complaint must offer 'more than labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[.]'" *Swaso v. Onslow Cnty. Bd. of Educ.*, 698 F. App'x 745, 747 (4th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). At the same time,

---

[5] Darlene Miller and Daykwan Smith are listed on the docket as "Darien Miller" and "Datkwon Smith."

3

a "complaint will not be dismissed as long as [it] provides sufficient detail about [the plaintiff's] claim to show that [the plaintiff] has a more-than-conceivable chance of success on the merits." *Owens v. Balt. City State's Att'ys Off.*, 767 F.3d 379, 396 (4th Cir. 2014).

The Court is mindful of its obligation to construe liberally a complaint filed by a self-represented litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented").

## III.   ANALYSIS

### A.   Statutory Overview

Plaintiff does not identify which types of claims he intends to plead pursuant to Title VII's prohibition on discrimination. Based on the allegations in the complaint, the Court construes Plaintiff's claims as alleging race and sex-based discrimination, hostile work environment harassment based on sex and disability, and retaliation based on sex and disability. *See* ECF 7, at 7 (alleging facts sounding in harassment, including that Plaintiff was "made fun of" for a "speech disability" and had their gender identity and sexuality questioned), at 8 (alleging facts sounding in discrimination, including that Plaintiff is "the only gay black non-binary person," and was accused of stealing a sandwich, was not permitted to use the bathroom, and was timed during their lunch break), at 9 (alleging facts sounding in retaliation, including that Plaintiff was suspended after making reports of harassment and reporting Daykwan Smith's failure to follow policy). Moreover, while Plaintiff expressly identifies Title VII as the governing law for their claims, *see* ECF 7, at 5, Title VII does not provide a basis for discrimination claims based on disability. *See* 42 U.S.C. § 2000e-2(a)(1) (prohibiting discrimination on the basis of "race, color, religion, sex, or national

origin"). But given that Giant argues for dismissal of "Plaintiff's ADA claims," *see* ECF 12-1, at 5 (capitalization altered), and considering the liberal construction accorded to pro se litigants, the Court will construe Plaintiff's disability-related claims as arising under the Americans with Disabilities Act.

In relevant part, Title VII provides that it is "an unlawful employment practice for an employer" to (1) "discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin;" or (2) "to limit, segregate, or classify his employees . . . in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).

To allege a discrimination claim under Title VII for disparate treatment, a plaintiff must plead "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Coleman v. Maryland Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (citing *White v. BFI Waste Servs., LLC*, 375 F.3d 288, 295 (4th Cir. 2004)), *aff'd sub nom. Coleman v. Ct. of Appeals of Md.*, 566 U.S. 30 (2012). "A claim for hostile work environment . . . is actionable under Title VII if the plaintiff shows that 'the offending conduct (1) was unwelcome, (2) was because of [a protected characteristic], (3) was sufficiently severe or pervasive to alter the conditions of [their] employment and create an abusive working environment, and (4) was imputable to [their] employer.'" *Young v. Giant Food Stores, LLC*, 108 F. Supp. 3d 301, 309 (D. Md. 2015) (alterations added) (quoting *Westmoreland v. Prince George's County*, 876 F. Supp. 2d 594, 614 (D. Md. 2012)). To make out a Title VII retaliation claim, "a plaintiff must show that

5

(1) [they] engaged in protected activity, (2) the employer took adverse action against [them], and (3) a causal relationship existed between the protected activity and the adverse employment activity." *Id.* at 314 (alterations added) (internal quotation marks omitted) (quoting *Westmoreland*, 876 F. Supp. 2d at 612).

The Americans with Disabilities Act ("ADA") prohibits employers from discriminating against otherwise "qualified individual[s] on the basis of disability." 42 U.S.C. § 12112(a)–(b). Under the ADA, a "disability" is defined as "a physical or mental impairment that substantially limits one or more major life activities," "a record of such an impairment," or "being regarded as having such an impairment." 42 U.S.C. § 12102(1); *see also Equal Emp. Opportunity Comm'n v. Manufacturers & Traders Tr. Co.*, 429 F. Supp. 3d 89, 102 (D. Md. 2019). A "qualified individual" is one who, "with or without reasonable accommodation, can perform the essential functions of the employment position that [the] individual holds or desires." *Id.* § 12111(8). Among the forms of discrimination prohibited by the statute are (1) imposing an adverse action upon an employee due to their disability; (2) retaliating against an employee for engaging in protected activities related to disability discrimination; and (3) creating a hostile work environment. *See Israelitt v. Enter. Servs. LLC*, 78 F.4th 647, 653 (4th Cir. 2023) (recognizing each type of claim under the ADA).

The requirements for a hostile work environment claim under the ADA mirror those of Title VII. Plaintiff must allege that they (1) are "a qualified individual with a disability"; (2) were "subjected to unwelcome harassment"; (3) "the harassment was based on [their] disability"; (4) "the harassment was sufficiently severe or pervasive to alter a term, condition, or privilege of employment"; and (5) "some factual basis exists to impute liability for the harassment to the employer." *Fox v. Gen. Motors Corp.*, 247 F.3d 169, 177 (4th Cir. 2001). Likewise, the elements

6

of an ADA retaliation claim are the same as Title VII—that the plaintiff engaged in a protected activity, suffered an adverse employment action, and a causal connection between the two. *Ray v. Int'l Paper Co.*, 909 F.3d 661, 669 (4th Cir. 2018) (citing *Foster v. Univ. of Maryland-E. Shore*, 787 F.3d 243, 250 (4th Cir. 2015)).

### B.   Plaintiff fails to allege discrimination based on race or sex.

Giant argues that Plaintiff fails to plead a Title VII discrimination claim because they make only conclusory assertions of disparate treatment based on sexual orientation. ECF 12-1, at 10. To survive a motion to dismiss a Title VII claim, a complaint must allege facts "that plausibly state a violation of Title VII above a speculative level." *Johnson v. Baltimore City, Maryland*, 163 F.4th 808, 814 (4th Cir. 2026) (quoting *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 617 (4th Cir. 2020)). As noted, to make out a Title VII discrimination claim for disparate treatment, Plaintiff must provide sufficient facts alleging "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Coleman*, 626 F.3d at 190 (4th Cir. 2010). Plaintiff fails to allege the second and fourth elements of the claim.

Courts evaluate an employee's alleged satisfactory job performance from the perspective of the employer, rather than the employee. *Smith v. Flax*, 618 F.2d 1062, 1067 (4th Cir. 1980). "This requires a plaintiff to provide 'detailed factual information regarding performance.'" *Burns v. WSSC Water*, Civ. No. GLS-21-2509, 2022 WL 3043412, at *5 (D. Md. Aug. 2, 2022) (quoting *Bynum v. Martin*, Civ. No. GJH-16-2067, 2016 WL 7468050, at *5 (D. Md. Dec. 27, 2016)). However, "[e]mployees are not required to show that they are 'perfect or model' employees." *Quiroz v. Empirian Vill. of Maryland, LLC*, Civ. No. AAQ-21-02638, 2022 WL 1321594, at *2 (D. Md. May 3, 2022) (quoting *Haynes v. Waste Connections, Inc.*, 922 F.3d 219, 225 (4th Cir.

7

2019)). Here, the amended complaint lacks any facts regarding Plaintiff's job performance, satisfactory or otherwise.

Plaintiff also fails to plead sufficient facts for the fourth element of a Title VII claim. Plaintiff essentially implies that other Giant employees were not subject to the same disparate treatment with respect to bathroom and lunch breaks because they are not gay, black, or non-binary. ECF 7, at 8 ("Denise was timed and monitor my lunch break. The only gay black non-binary person."). Where "'a plaintiff attempts to rely on comparator evidence to establish circumstances giving rise to an inference of unlawful discrimination,' the plaintiff must demonstrate that the comparator is similarly situated in all relevant respects." *fpo-Johnson v. Paris Foods Corp.*, Civ. No. RDB-24-1197, 2025 WL 775513 (D. Md. Mar. 10, 2025) (quoting *Swaso*, 698 Fed. App'x at 748). This includes alleging "that the employees 'dealt with the same supervisor, [were] subject to the same standards and . . . engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it.'" *Haywood v. Locke*, 387 F. App'x 355, 359 (4th Cir. 2010) (quoting *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir. 1992)). "Although a full analysis of whether comparators are similarly situated does not necessarily occur at the motion-to-dismiss stage, a plaintiff must still plead sufficient facts to justify an inference that the employer treated the plaintiff differently from the way it treated others under 'arguably similar circumstances.'" *See Tittle v. Petro*, Civ. No. TDC-24-3061, 2025 WL 1920936, at *6 (D. Md. July 11, 2025) (quoting *Woods v. City of Greensboro*, 855 F.3d 639, 651 (4th Cir. 2017)). Here, Plaintiff provides no facts regarding whether any similarly situated employees outside of Plaintiff's protected classes were treated differently than Plaintiff was. Without more, the Court cannot reasonably infer that

Plaintiff experienced disparate treatment based on race or sex in violation of Title VII. Thus, Plaintiff's Title VII discrimination claim fails.

### C.    Plaintiff fails to plead severe or pervasive harassment.

Plaintiff's claims of hostile work environment harassment on the basis of sex and disability both fail because Plaintiff fails to allege any harassment that is severe or pervasive.[6] A hostile work environment exists when the workplace is "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 272 (4th Cir. 2015) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). The Fourth Circuit has set "a high bar in order to satisfy the severe or pervasive test." *EEOC v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315 (4th Cir. 2008). "[T]o plead that the environment is sufficiently severe or pervasive, a plaintiff must allege an objectively hostile workplace environment as well as that it was subjectively perceived by the plaintiff as hostile." *Milo v. CyberCore Techs., LLC*, Civ. No. RDB-18-3145, 2019 WL 4447400, at *6 (D. Md. Sept. 17, 2019) (citing *Fox*, 247 F.3d at 178). The determination of whether an environment is objectively hostile requires consideration of the "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* "Although the severity or pervasiveness of

---

[6] The Court notes Giant's argument that Plaintiff fails to plead that he has a disability under the ADA. *See* ECF 12-1, at 5. However, "[t]he ADA's definition is intended to be broad," *Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 572 (4th Cir. 2015), and "[t]he primary object of attention in cases brought under the ADA should be whether covered entities have complied with their obligations and whether discrimination has occurred, not whether the individual meets the definition of disability," 29 C.F.R. § 1630.1(c)(4). Plaintiff has alleged that they have a "speech disability." ECF 7, at 7. Nevertheless, the Court need not wade further into the issue of whether Plaintiff's speech disability is considered a disability under the ADA, because it finds that Plaintiff fails to plead that any harassment they allegedly experienced was severe or pervasive.

9

harassment can be a question of fact, a district court may dismiss a complaint that does not allege facts suggesting that the defendant's conduct was sufficiently severe or pervasive to alter the conditions of plaintiff's employment." *Sunkins v. Hampton Roads Connector Partners,* 701 F. Supp. 3d 342, 352 (E.D. Va. 2023) (collecting cases).

Plaintiff alleges that they were made fun of and criticized for their speech disability, gender identity, and sexual orientation. ECF 7, at 7. While the allegations reflect that Plaintiff's colleagues made offensive and inappropriate remarks, the Court cannot conclude that these comments rise to the level of an objectively hostile work environment. *See, e.g., McGinnis v. Plamondon Enters., Inc.,* Civ. No. BAH-25-2138, 2026 WL 221694, at *10 (D. Md. Jan. 28, 2026) (explaining that "name-calling, on its own, rarely gives rise to objectively 'severe or pervasive' harassment," and collecting cases). Plaintiff does not allege that any of the conduct was physically threatening or humiliating. *Cf. Okoli v. City Of Baltimore,* 648 F.3d 216, 221 (4th Cir. 2011) (finding summary judgment on a hostile work environment claim to be inappropriate where the plaintiff had alleged that she was "subject to repeated propositioning and physical touching"). Nor does Plaintiff allege that the purported name-calling interfered with their ability to perform their duties at work. *See Kelly v. Berryhill,* Civ. No. RDB-18-0049, 2019 WL 1300816, at *7 (D. Md. Mar. 20, 2019) (explaining "courts usually only allow hostile work environment claims to proceed where the discriminatory abuse is near constant, oftentimes of a violent or threatening nature, or has impacted the employee's work performance" (citing *Tawwaab v. Va. Linen Serv., Inc.,* 729 F. Supp. 2d 757, 777 (D. Md. 2010))).

Moreover, "the Fourth Circuit has found that 'general allegations' about a hostile work environment, devoid of 'accounts of specific dates, times or circumstances,' are insufficient to even plausibly allege hostile work environment claim." *O'Connell v. Rahn,* Civ. No. SAG-18-

2515, 2020 WL 1929436, at *5 (D. Md. Apr. 21, 2020) (quoting *Carter v. Ball*, 33 F.3d 450, 461–62 (4th Cir. 1994)). Here, although Plaintiff identifies a general ten-to-eleven-month time frame for when co-workers allegedly mocked Plaintiff's speech and commented on their gender identity, ECF 7, at 7, the amended complaint fails to include details on the frequency of the offensive comments such that the Court could reasonably infer objectively severe or pervasive harassment. *Compare Okoli*, 648 F. 3d. at 221 (finding a plaintiff had established sufficient frequency where she "suffered upwards of twelve (12) incidents in just four months"), *with Rivera v. Prince William Cnty. Sch. Bd.*, No. 1:09CV341 GBL, 2009 WL 2232746, at *5 (E.D. Va. July 22, 2009) (finding allegations of "four specific instances of alleged harassment within a seventeen-month period" insufficient to allege severe or pervasive harassment). Construing the facts in the light most favorable to Plaintiff, the allegations in the complaint, though serious and unquestionably unbecoming of a professional workplace, fall short of "clear[ing] the high bar of the objectively severe or pervasive test." *Connelly v. Maryland Dep't of Hum. Servs.*, Civ. No. JKB-21-1068, 2021 WL 6000076, at *8 (D. Md. Dec. 20, 2021) (quoting *Eckert v. Quality Assocs.*, Civ. No. WDQ-14-1815, 2015 WL 5083329, at *5 (D. Md. Aug. 26, 2015)) (internal quotation marks omitted); *cf. Broadway v. Univ. of Maryland, Glob. Campus*, Civ. No. GLS 21-3226, 2023 WL 4421406, at *9 (D. Md. July 7, 2023) (explaining that "few, infrequent instances of conduct, without more, precludes the Court from drawing a reasonable inference that Defendant is liable under a hostile work environment claim"). Accordingly, Giant's motion is granted as to Plaintiff's hostile work environment claim.

**D. Plaintiff also fails to plead a retaliation claim.**

Plaintiff seemingly alleges they were suspended in retaliation for reporting Daykwan Smith for "not following Giant food policy." ECF 7, at 9. Plaintiff fails to state a retaliation claim because they do not allege that they engaged in a protected activity under Title VII or the ADA.

11

"The Fourth Circuit has explained that, in the context of a retaliation claim, a protected activity may fall into two categories, opposition and participation." *Parker v. Children's Nat'l Med. Ctr., Inc.*, Civ. No. ELH-20-3523, 2021 WL 5840949, at *19 (D. Md. Dec. 9, 2021) (internal quotation marks omitted) (citing *E.E.O.C. v. Navy Fed. Credit Union*, 424 F.3d 397, 406 (4th Cir. 2005)). For example, Title VII "bars retaliation based on an employee's opposition to conduct made unlawful by Title VII, or for participation in a Title VII investigation or proceeding." *Id.* at *7. "'Title VII is not a general bad acts statute, however, and it does not prohibit private employers from retaliating against an employee based on [their] opposition to' practices outside the statute's ambit." *Ames v. Enter. RAC Co. of Maryland LLC*, Civ. No. DLB-25-1585, 2025 WL 3280312, at *4 (D. Md. Nov. 25, 2025) (quoting *Bonds v. Leavitt*, 629 F.3d 369, 384 (4th Cir. 2011)). The same is true for the ADA. *See Israelitt*, 78 F.4th at 655 ("Employers violate the ADA by retaliating against an employee for engaging in an ADA protected activity.").

Reporting a coworker for failing to follow policy regarding cold food is not a protected activity in the context of a discrimination claim. *Cf. Ames*, 2025 WL 3280312, at *5 ("Reporting workplace safety concerns is not protected activity under Title VII because unsafe working conditions are not made unlawful under Title VII." (citation modified)). And although Plaintiff mentions that they made complaints of harassment which could potentially qualify as protected activities, Plaintiff does not allege that they were suspended because of these reports. Instead, Plaintiff makes clear that these complaints were ignored. *See* ECF 7, at 8 (alleging Renee and Denise "[i]gnored [their] complaints"); *see also* ECF 16, at 1 ("They did not investigate or did anything with my information and grievance letter."). "[A] failure to investigate an internal complaint 'does not amount to an adverse action under Title VII'" or the ADA. *Forrest v. Baltimore City, Maryland: Baltimore Police Dep't*, Civ. No. JMC-22-3220, 2023 WL 3847429, at

12

*8 (D. Md. June 6, 2023) (quoting *Yampierre v. Baltimore Police Dep't*, Civ. No. ELH-21-1209, 2022 WL 3577268, at *37 (D. Md. Aug. 18, 2022)). "This is because, broadly speaking, the 'failure to investigate an internal complaint cannot be considered retaliatory' because it 'leaves an employee no worse off than before the complaint was filed.'" *Yampierre*, 2022 WL 3577268, at *37 (quoting *Daniels v. United Parcel Serv., Inc.,* 701 F.3d 620, 640 (10th Cir. 2012)).

In their opposition, Plaintiff clarifies that they seek to pursue their claim on the ground that they were suspended and fired "[b]ecause [they] did not drop [their] EEOC complaint."[7] ECF 16, at 1. However, there is no mention of any EEOC complaint or Plaintiff's firing in the amended complaint, *see* ECF 7, at 7–9, and Plaintiff "cannot amend their complaint through briefing." *So. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013). Accordingly, Plaintiff fails to plead sufficient facts to make out a retaliation claim.

## E.    Defendants other than Giant

As noted, Giant is the only named defendant that has been served with the amended complaint. ECF 14 (summons returned unexecuted); ECF 15 (summons returned unexecuted as to Denise, Kathy, Mel, Darlene Miller, Renee, Robin, Daykwan Smith, and Tabitha); ECF 22 (summons returned unexecuted as to Debbie). Ordinarily, the Court could order Plaintiff to show cause why the claims against the individually named defendants should not be dismissed pursuant to Fed. R. Civ. P. 4(m) and Local Rule 103.8(a). But serving these individual defendants would be futile because Title VII and the ADA do not provide for individual liability. *See Jones v. Sternheimer*, 387 F. App'x 366, 368 (4th Cir. 2010) ("Title VII [and] the ADA . . . do not provide

---

[7] Defendant notes that this is a factual impossibility since Plaintiff's EEOC charge was not filed until after Plaintiff was terminated. ECF 17, at 7. The Court need not address this allegation given that the operative complaint makes no reference to any EEOC charge as the basis for the alleged termination.

for causes of action against defendants in their individual capacities."). Accordingly, all claims against these individual defendants will be also dismissed.

## IV.    CONCLUSION

For the foregoing reasons, Giant's motion to dismiss, ECF 12, is GRANTED, and the amended complaint is DISMISSED.

A separate implementing order will issue.

Dated: May 27, 2026

                          /s/

                Brendan A. Hurson
                United States District Judge

14